MEMORANDUM **
Ratnasari Tjahjadi, her husband Sukris-no Djojo, and their minor children, natives and citizens of. Indonesia, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”) and denying her motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations and we will reverse only if any reasonable adjudicator would be compelled to conclude to the contrary. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review for abuse of discretion the denial of a motion to remand. Malhi v. INS, 336 *564 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.
The agency denied petitioners’ asylum application as time barred. Petitioners do not challenge this finding in their opening brief.
Substantial evidence supports the agency’s finding that Tjahjadi failed to establish past persecution because the two minor attacks and general discrimination and harassment she experienced as a Chinese-Christian in Indonesia are not sufficient to compel the conclusion that she suffered past persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003). In addition, Tjahjadi failed to demonstrate a clear probability of future persecution because, although she is a member of a disfavored group, she did not demonstrate the requisite individualized risk of persecution. Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir.2007). Substantial evidence also supports the IJ’s finding that Tjahjadi’s fear of future persecution is undermined because she has similarly-situated Christian Chinese family members who remain in Indonesia unharmed. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir.2001). Accordingly, her withholding of removal claim fails.
Finally, substantial evidence supports the conclusion that Tjahjadi is not entitled to CAT because Tjahjadi failed to establish that it was more likely than not that she will be tortured if returned to Indonesia. See Malhi, 336 F.3d at 993.
We conclude that the BIA did not abuse its discretion in denying Tjahjadi’s motion to remand because the materials Tjahjadi submitted in support of her motion failed to establish a prima facie showing that she would be entitled to relief. See Cano-Merida v. INS, 311 F.3d 960, 966 (9th Cir.2002).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.